2012 UT App 340

**STATE of Utah, in the INTEREST OF J.S., a person under eighteen years of age.**

**J.S., Appellant,**

v.

**State of Utah, Appellee.**

**No. 20110589–CA.**

Court of Appeals of Utah.

Dec. 6, 2012.

David J. Angerhofer, Mt. Pleasant, for Appellant.

Mark L. Shurtleff and John M. Peterson, Salt Lake City, for Appellee.

Before Judges THORNE, VOROS, and ROTH.

MEMORANDUM DECISION

THORNE, Judge:

¶ 1 J.S. appeals from the juvenile court's adjudication finding that J.S., an eleven-year-old child, intentionally damaged, defaced, or destroyed the property of another. Specifically, the court found that J.S. broke a pipe on a flushing mechanism sensor for a toilet in a bathroom at his school when he intentionally jumped up and down on the valve. We affirm.

¶ 2 J.S. claims that he lacks the ability to form the criminal intent required as an element of a destruction of property offense because he is under the age of fourteen and therefore cannot be held criminally responsible for his actions pursuant to Utah Code section 76–2–301. J.S. argues that because of his inability to form the necessary intent together with the evidence demonstrating that he did not intend to break the toilet flushing mechanism, the juvenile court erred by denying his motion to dismiss and finding

action. *See Walker I*, 902 P.2d 1229, 1232 (Utah 1995).

that J.S. intentionally damaged property. This presents a question of law that we review for correctness. *See State v. Hamilton,* 2003 UT 22, ¶ 17, 70 P.3d 111; *Huish v. Munro,* 2008 UT App 283, ¶ 19, 191 P.3d 1242.

¶ 3 J.S.'s defense attorney, during closing argument at trial, argued that the State could not meet the intent element of destruction of property because J.S. was under fourteen years of age. The juvenile court requested the parties brief the issue. Thereafter, J.S. filed his motion to dismiss. In support of his motion to dismiss, J.S. discussed a passage from a legal reference book referring to Jean Piaget's theory of cognitive development, which theory J.S. asserted provides that children under the age of twelve are unable to appreciate the consequences of their actions. The juvenile court declined to consider Piaget's theory of cognitive development because the passage J.S. relied upon had not been submitted as an exhibit or discussed in any way during the trial. Indeed, J.S. did not seek to admit the article discussing Piaget's theory into evidence at trial nor did he, as the proponent of Piaget's theory, provide any argument on the application of the scientific theory to the facts of this case. *See generally Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) (discussing the admissibility of scientific expert testimony and the Daubert factors). J.S. does not assert any error by the juvenile court in excluding the evidence pertaining to Piaget's theory of cognitive development. Thus, we review the court's intent ruling without consideration of the cognitive development theory evidence.

¶ 4 The court considered J.S.'s argument pertaining to a child's ability to form criminal intent and rejected J.S.'s "bright line age limitation" argument stating that "it is up to the court in each individual case, be it through age, cognitive abilities, mental health issues or other issues, to determine [if] a minor is capable enough to have the required intent." Thereafter, the juvenile court noted that no evidence was presented to show that J.S. is mentally deficient, cognitively delayed, or for any other reason incapable of forming the required intent. The court cited Utah

Code section 76-2-103(1), which section provides that a person engages in conduct "[i]ntentionally, or with intent or willfully with respect to the nature of his conduct or to a result of his conduct, when it is his conscious objective or desire to engage in the conduct or cause the result," see Utah Code Ann. § 76-2-103(1) (LexisNexis 2008) (emphasis added), and found that it was J.S.'s "conscious objective or desire to engage in the conduct—jumping up and down on the [toilet] valve. As a result of [J.S.'s] intentional conduct, the valve broke."

¶ 5 Intent is a state of mind that can be inferred from a person's conduct viewed in light of all the accompanying circumstances. *See State v. Kihlstrom,* 1999 UT App 289, ¶ 10, 988 P.2d 949. "It is well established that intent can be proven by circumstantial evidence." *State v. Holgate,* 2000 UT 74, ¶ 21, 10 P.3d 346 (internal quotation marks omitted). The record evidence on appeal demonstrates, and the court found, that J.S. admitted that he broke the flushing mechanism by jumping on it. J.S.'s admitted conduct of jumping on the flushing mechanism until it broke is sufficient to establish that he intentionally broke the flushing mechanism. J.S. did not present any evidence that he was unable to form the intent or did not intend to engage in the conduct that broke the valve. Thus, we see no error with the juvenile court's determination that J.S. intentionally damaged, defaced, or destroyed the property of another.

¶ 6 In sum, the evidence demonstrates that J.S. broke a flushing mechanism by jumping on the valve. J.S. did not present any evidence to show that he is mentally deficient, cognitively delayed, or for any other reason incapable of forming the required intent. We affirm the juvenile court's adjudication finding that J.S., an eleven-year-old child, intentionally damaged, defaced, or destroyed the property of another.

¶ 7 WE CONCUR: J. FREDERIC VOROS JR., and STEPHEN L. ROTH, Judges.