IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, in the interest of J.S., a person under eighteen years of age. | ) ) | MEMORANDUM DECISION |
| _____ | ) ) | Case No. 20110589-CA |
| J.S., | ) ) | |
| Appellant, | ) ) | F I L E D (December 6, 2012) |
| v. | ) ) ) | 2012 UT App 340 |
| State of Utah, | ) ) | |
| Appellee. | ) | |

-----

Third District Juvenile, Tooele Department, 1044359
The Honorable Mark W. May

Attorneys:     David J. Angerhofer, Mt. Pleasant, for Appellant
               Mark L. Shurtleff and John M. Peterson, Salt Lake City, for Appellee

-----

Before Judges Thorne, Voros, and Roth.

THORNE, Judge:

¶1     J.S. appeals from the juvenile court's adjudication finding that J.S., an eleven-year-old child, intentionally damaged, defaced, or destroyed the property of another. Specifically, the court found that J.S. broke a pipe on a flushing mechanism sensor for a toilet in a bathroom at his school when he intentionally jumped up and down on the valve. We affirm.

¶2    J.S. claims that he lacks the ability to form the criminal intent required as an element of a destruction of property offense because he is under the age of fourteen and therefore cannot be held criminally responsible for his actions pursuant to Utah Code section 76-2-301.[1] J.S. argues that because of his inability to form the necessary intent together with the evidence demonstrating that he did not intend to break the toilet flushing mechanism, the juvenile court erred by denying his motion to dismiss and finding that J.S. intentionally damaged property. This presents a question of law that we review for correctness. *See State v. Hamilton*, 2003 UT 22, ¶ 17, 70 P.3d 111; *Huish v. Munro*, 2008 UT App 283, ¶ 19, 191 P.3d 1242.[2]

¶3    J.S.'s defense attorney, during closing argument at trial, argued that the State could not meet the intent element of destruction of property because J.S. was under fourteen years of age. The juvenile court requested the parties brief the issue. Thereafter, J.S. filed his motion to dismiss. In support of his motion to dismiss, J.S. discussed a passage from a legal reference book referring to Jean Piaget's theory of

---

[1]We note that Utah Code section 76-2-301 does not, however, apply to juvenile court proceedings. *See* Utah Code Ann. § 76-2-301 (LexisNexis 2008) ("A person is not criminally responsible for conduct performed before he reaches the age of fourteen years. This section shall in no way limit the jurisdiction of or proceedings before the juvenile courts of this state.").

[2]J.S. also argues that the due process protections afforded to children by *In re Gault*, 387 U.S. 1 (1967), extend to the use of an age defense to criminal responsibility during the adjudicatory phase of a juvenile proceeding. J.S. asserts that to give effect to the due process protections extended to children under *In re Gault*, children must be allowed to present all of the same defenses as exist in adult court such as the age defense. J.S. does not, however, cite any case law in support of this argument. Therefore, this argument is inadequately briefed. J.S. raises two other due process arguments that he also fails to adequately brief. In support of those other due process claims, he cites to two dissenting opinions, one of which is also dicta, but fails to develop a reasoned analysis based on that authority. Because J.S. fails to adequately brief his various due process issues, we do not consider them further. *See State v. Davie*, 2011 UT App 380, ¶ 16, 264 P.3d 770 ("Briefs must contain reasoned analysis based upon relevant legal authority. . . . Utah courts routinely decline to consider inadequately briefed arguments." (citation and internal quotation marks omitted)).

cognitive development,[3] which theory J.S. asserted provides that children under the age of twelve are unable to appreciate the consequences of their actions. The juvenile court declined to consider Piaget's theory of cognitive development because the passage J.S. relied upon had not been submitted as an exhibit or discussed in any way during the trial. Indeed, J.S. did not seek to admit the article discussing Piaget's theory into evidence at trial nor did he, as the proponent of Piaget's theory, provide any argument on the application of the scientific theory to the facts of this case. *See generally Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) (discussing the admissibility of scientific expert testimony and the *Daubert* factors). J.S. does not assert any error by the juvenile court in excluding the evidence pertaining to Piaget's theory of cognitive development. Thus, we review the court's intent ruling without consideration of the cognitive development theory evidence.

¶4    The court considered J.S.'s argument pertaining to a child's ability to form criminal intent and rejected J.S.'s "bright line age limitation" argument stating that "it is up to the court in each individual case, be it through age, cognitive abilities, mental health issues or other issues, to determine [if] a minor is capable enough to have the required intent." Thereafter, the juvenile court noted that no evidence was presented to show that J.S. is mentally deficient, cognitively delayed, or for any other reason incapable of forming the required intent. The court cited Utah Code section 76-2-103(1), which section provides that a person engages in conduct "[i]ntentionally, or with intent or willfully with respect to the nature of his conduct or to a result of his conduct, *when it is his conscious objective or desire to engage in the conduct* or cause the result," *see* Utah Code Ann. § 76-2-103(1) (LexisNexis 2008) (emphasis added), and found that it was J.S.'s "conscious objective or desire to engage in the conduct—jumping up and down on the [toilet] valve. As a result of [J.S.'s] intentional conduct, the valve broke."

¶5    Intent is a state of mind that can be inferred from a person's conduct viewed in light of all the accompanying circumstances. *See State v. Kihlstrom*, 1999 UT App 289, ¶ 10, 988 P.2d 949. "It is well established that intent can be proven by circumstantial

---

[3]J.S. cited a passage from *Child Welfare Law and Practice*, a legal reference book produced by the National Association of Counsel for Children, a nonprofit child advocacy and professional membership association. *See* Lauren Girard Adams et al., *Child Welfare Law and Practice* 65–68 (Donald N. Duquette & Ann M. Haralambie eds., 2d ed. 2010).

evidence." *State v. Holgate*, 2000 UT 74, ¶ 21, 10 P.3d 346 (internal quotation marks omitted). The record evidence on appeal demonstrates, and the court found, that J.S. admitted that he broke the flushing mechanism by jumping on it.[4] J.S.'s admitted conduct of jumping on the flushing mechanism until it broke is sufficient to establish that he intentionally broke the flushing mechanism. J.S. did not present any evidence that he was unable to form the intent or did not intend to engage in the conduct that broke the valve. Thus, we see no error with the juvenile court's determination that J.S. intentionally damaged, defaced, or destroyed the property of another.

¶6      In sum, the evidence demonstrates that J.S. broke a flushing mechanism by jumping on the valve. J.S. did not present any evidence to show that he is mentally deficient, cognitively delayed, or for any other reason incapable of forming the required

---

[4]At trial, the school principal testified that J.S. admitted that he stepped on the flushing mechanism and that, as a result, it broke. J.S. filled out a written statement wherein he admitted that he had jumped on the flushing mechanism causing it to break. The police officer who investigated the incident testified that J.S. admitted that he jumped on the flushing mechanism until it broke. J.S., on the other hand, testified that he did not recall the incident, he did not use the bathroom, and did not jump on the toilet valve. And when J.S. was shown his written statement, J.S. claimed that the principal forced him to admit the incident and that he did not break the valve but if he did break it, he did not mean to do it. The juvenile court found that J.S.'s testimony was not credible and that he "was simply inventing a new story in an effort to escape the consequences of his actions." On appeal, findings of credibility of the juvenile court are entitled to great deference. *See In re S.F.*, 2012 UT App 10, ¶ 57, 268 P.3d 831 ("Because the juvenile court is in an advantaged position with respect to the other parties and the witnesses and because the juvenile court's decisions rely heavily on the juvenile court's assessment and weighing of the facts, we afford[ its decision] . . . a high degree of deference." (alteration in original) (internal quotation marks and citation omitted)).

intent. We affirm the juvenile court's adjudication finding that J.S., an eleven-year-old child, intentionally damaged, defaced, or destroyed the property of another.

_____
William A. Thorne Jr., Judge

-----

¶7     WE CONCUR:

_____
J. Frederic Voros Jr., Judge

_____
Stephen L. Roth, Judge